U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 2 9 2009

CLERK, U.S. DISTRICT COURT
By_____
Deputy

# UNITED STATES DISTRICT COURT
## FOR THE NORTERN DISTRICT OF TEXAS
### Dallas Division

| | |
|---|---|
| **JAMES R. COYE, Jr.** | ) |
| *Plaintiff* | |
| | |
| *v.* | ) |
| | |
| **THE CITY OF FRISCO, TEXAS;** | |
| **POLICE CHIEF TODD RENSHAW;** | ) |
| **OFFICER MIKE COLLINS;** | |
| **SHARON FAULK, Executor of the** | |
| **Estate of JEROD FAULK,** *Deceased* | ) |
| *Defendants* | |

**3-09CV0185-M**

Civil Action No._____

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, James R. Coye, Jr. through his attorney, Kyle Kincaid, filing this Complaint against the named Defendants herein, and would show the court as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a civil action pursuant to 42 U.S.C. § § 1983, 1988 seeking damages and relief against the Defendants, The City of Frisco, Texas, Frisco Police Chief Todd Renshaw, and police officers employed at the Frisco Police Department, for committing acts, *under the color of law*, with the intent and for the purpose of depriving Mr. James R. Coye, of his legal rights secured pursuant to the Constitution and laws of the United States; and for refusing and neglecting to prevent such deprivations and denials to the Plaintiff, James R. Coye resulting in numerous damages and injuries to him.

2. This case arises under the United States Constitution and Title 42 U.S.C. Sections 1983 and 1988, as amended.

1

The court has jurisdiction in this matter pursuant to Title 28 Section 1331 in regard
to this cause of action arising under 42 U.S.C. Sections 1983, 1988 against
Defendants City of Frisco, Texas, Officer Mike Collins, Chief Todd Renshaw, and
additional police officers employed at the Frisco Police Department to be joined at a
later date upon identification of such other officers through discovery.

3.  Concerning Defendant, Sharon Faulk, Executor of the Estate and next of kin of Mr.
Jerod Faulk, *deceased*; the court has **supplemental jurisdiction** for state law torts
claims arising from the same or similar episode or transactions, pursuant to Title 28
Section 1367.

4.  This court is the appropriate venue for this cause of action because the actions
complained of and against the Plaintiff occurred in this judicial district, and the
parties; evidence; and witnesses are also located in this judicial district.

<u>**PARTIES**</u>

5.  Plaintiff, James R. Coye, Jr. is a resident of the city of The Colony, Texas.

6.  Defendant, City of Frisco, Texas, is an incorporated municipality within the State of
Texas, and service of process can be obtained by serving the acting City Secretary, at
the Frisco City Hall, 6101 Frisco Square Blvd. in Frisco, Texas 75035.

7.  Defendants, Frisco Police Chief Todd Renshaw and other named Defendant Frisco
police officers can be served with process at 7200 Stonebrook Pkwy, Frisco, Texas.

8.  Defendant, Sharon Faulk, as next of kin and in behalf of the estate of Jerod Faulk,
*deceased*, can be served with civil process at 7881 Southmark, Frisco, Texas 75035.

## FACTS

9. In the earlier morning hours on December 19, 2008, at approximately 3:25AM, Plaintiff James Coye and Defendant Jerod Faulk, *deceased,* drove from Denton, Texas, to Mr. Faulk's home located in Frisco, Texas, with Mr. Faulk driving his Lexus car. The two and others had been out earlier that night at a local bar in Denton, Texas. Both Mr. Faulk and Mr. Coye had been drinking that evening. Also, the autopsy and the report by Dr. William Royr, the Collin County Medical Examiner, revealed that Defendant, Jerod Faulk, *deceased,* was also under the influence of narcotic drugs on December 19, 2008.

10. Upon arriving at Mr. Faulk's home, Mr. Faulk opened his garage door and climbed on his 2008 Yamaha motorcycle. Mr. Faulk then started the engine and rolled the motorcycle out of the garage onto the driveway where James Coye was standing, and insisted that Plaintiff James Faulk climb onto the rear of the motorcycle and let Mr. Faulk to take him for a "quick spin" around the neighborhood.

11. Plaintiff James Coye has never previously driven a motorcycle in his life nor has he ever possessed a motorcycle driver's license. Moreover, Mr. Coye stated that he was tired and did not feel like riding on a motorcycle that late night; Mr. Faulk, however, kept insisting on taking Mr. Coye for a ride. Mr. Faulk was known, according to many witnesses, to enjoy taking friends for a fast ride in order to "show off" his high performance motorcycle.

3

According to Mr. Faulk's mother, Defendant Sharon Faulk and other friends of Jerod Faulk; he never allowed any other person(s) to operate his motorcycle because of insurance liability concerns.

12. While Mr. Faulk was driving his motorcycle throughout various streets in his neighborhood on December 19, 2008, Mr. Faulk turned off Hillcrest St. onto eastbound Harbor St. which is a very long and dark subdivision street in Frisco, Texas. Even though it was dark and foggy; Mr. Faulk, recklessly accelerated to approximately 80 MPH down the 11000 block of Harbor Street.

13. At approximately 3:30AM on December 19, 2008, while speeding down Harbor Street driving his motorcycle; Mr. Faulk, suddenly came upon a 'dead-end' intersection or Harbor with Inlet Street, because of the darkness and fog that was limiting visibility that night. As a result, Mr. Faulk attempted to stop his motorcycle and execute a left turn at the intersection. Mr. Fault consequently lost control of his motorcycle which threw the Plaintiff James Coye off the backseat and straight forward on to the ground past the intersection. Mr. Faulk attempted to retain control of his motorcycle; and as a result, was thrown off just to the left of the intersection where he struck the concrete street and curb. As a result of the accident, Mr. Faulk suffered fatal injuries and died a few minutes later at a nearby hospital.

14. James Coye was also seriously injured as a result of being thrown off first and straight forward from the motorcycle's rear seat which was higher and offered no support compared to Mr. Faulk who was driving and held on slightly longer.

4

15. Following the accident and hearing the commotion, two or three teenage boys ran down from a house located in the 11500 block of Harbor St. to the accident scene, *after-the-fact*, which was in the 11700 block of Harbor Street, approximately one quarter mile away from where the boys allegedly observed the motorcycle speed by.

16. Mr. Faulk was found unconscious and fatally injured, and Mr. Coye was observed stumbling around seriously injured including multiple fractured bones, lacerations, bruises, etc. and was naturally incoherent suffering from severe shock as a result of the traumatic fatality accident.  Upon the neighborhood boys and Frisco Police officers arriving, Mr. Coye was attempting to check on Mr. Faulk's condition to possibly help him, although Mr. Coye was in shock and seriously injured himself.

17. Rather than being asked any particulars concerning the accident or being treated for his severe injuries; Mr. Coye, was instead, immediately thrown into a Frisco Police car cage by Frisco Police officers.   Mr. Coye was never attended to or examined by Frisco EMS personnel or by Frisco Police officers at the scene, and was simply left for dead in the back of the police car cage for approximately one and half hours.  As a result, the Plaintiff was confined in a very tight space and twisted around; thus, complicating as well as compounding his injuries and causing excruciating pain.

18. Finally, at approximately 4:55AM, Mr. Coye was discovered unconscious in the patrol car cage while still at the location of the accident; and only then, was he rushed to a nearby hospital in the same police vehicle.  Upon examination at the emergency room, it was determined that Mr. Coye was seriously injured including internal injuries, bruising, lacerations, trauma, and multiple fractures.

5

Subsequently, Mr. Coye was hospitalized for approximately six days to treat his serious injuries.

19. During his hospitalization, Mr. Coye was wrongfully accused of alleged Intoxication Manslaughter and being the driver of Mr. Faulk's motorcycle; and consequently, confined in police custody while even hospitalized.

20. On or about December 24, 2008, police officers with the Frisco Police Department, hounded and insisted that the treating physician discharge the Plaintiff from the hospital in order to transport Mr. Coye to the Collin County jail to incarcerate him, even though Mr. Coye's treatment or recovery was not complete. City of Frisco Police officers advised hospital personnel that there were limited personnel available during the "Christmas holidays" to handle Mr. Coye being confined at the hospital any longer.

21. Without any formal charges being filed against Mr. Coye, he was confined in the Collin County jail for approximately eight days until being released on bond. To date, over one month following the accident, still no formal charges have been filed against the Plaintiff at the Collin County District Attorney's Office. The arrest and resulting confinement of Mr. Coye was based solely on unreliable witnesses claiming to have seen Mr. Coye driving Mr. Faulk's motorcycle that was speeding by at 80 MPH on a dark foggy street at 3:30 AM. Mr. Faulk and the Plaintiff, Mr. Coye, are the same age, same size, same race, and similar appearance and features; thus, making it literally impossible to differentiate between Mr. Faulk and Mr. Coye under such circumstances and conditions at night on December 19, 2008.

6

22. Other than these unreliable witnesses, one of which recently completed a drug rehab program according to his mother, there is absolutely no forensic or physical evidence whatsoever to prove that any person other than the owner, Jerod Faulk, was driving his motorcycle at the time of the accident on December 19, 2008. Furthermore, Mr. Faulk was impaired while operating his motorcycle under the influence of both alcohol and narcotic pain medication, to wit: hydrocodone. As a result of Mr. Faulk's intoxication and reckless driving of his motorcycle which caused him to loose control; Plaintiff James Coye sustained serious and incapacitating injuries which he still suffers from.

23. Mr. Coye retained current legal counsel to represent him in this serious matter having been wrongfully arrested for Intoxication Manslaughter.   While his attorney, Kyle Kincaid, also a former Texas police officer, was attempting to investigate the facts and any evidence in the serious felony case, the Frisco Police hindered attorney Kincaid's efforts by refusing to provide a "complete accident report" to include the 'supplemental report' which was denied him; alleged witness contact information; toxicology reports concerning Mr. Coye's alleged intoxication; and Defendant Officer Mike Collins, who was the accident investigator on December 19, 2008, actually threatened attorney Kincaid with "*charges against him*" if Kincaid called him again at the police department requesting information about the accident which is critical for Mr. Coye's defense.

**COUNT ONE**
**Unconstitutional Restraint and Seizure of Person**
**42 U.S.C. Sections 1983, 1988**
**Violation of Fourth and Fourteenth Amendments**
**(Against Defendants City of Frisco, Police Chief Renshaw, and named Frisco Police Officers)**

24. As a direct result of named Defendants' unreasonable and egregious actions by

restraining and confining Mr. Coye in a patrol car cage for almost two hours while

seriously injured immediately after a serious fatal motor vehicle accident and

without providing him medical treatment, violated Mr. Coyes rights to be free from

unreasonable seizure of his person, pursuant to the Fourth and Fourteenth

Amendment of the U.S. Constitution. The delay of medical treatment and nature of

confinement also exacerbated and compounded Mr. Coye's incapacitating injuries

and has caused permanent damages to the Plaintiff's health.

25. Mr. Coye's U.S. Constitutional rights pursuant to the Fourth and Fourteenth

Amendments were further violated by the Defendants also causing his confinement

in the Collin County jail for almost two weeks without formal charges being filed.

Mr. Coye was indeed arrested; however, Mr. Coye was never charged by complaint

or information, nor has he been indicted by a grand jury.

26. The Collin County District Attorney's Office denies even having knowledge or being

consulted regarding any charges against Mr. Coye in this instant matter after over

one month following the motorcycle accident.

27. Defendants acted unreasonably and with callous disregard for Mr. Coye's known

statutory and U.S. Constitutional rights.

8

**28.** As a direct and proximate result of the Defendants' actions and violations of Mr.

Coye's U.S. Constitutional rights, he has suffered serious bodily injuries, depression,

anxiety, loss of income, damage to reputation, humiliation, mental anguish, and

permanent disability and physical impairment as well as other compensatory

damages and exemplary damages, in an amount to be determined by a jury upon

trial in the court.

**COUNT TWO**
**Unconstitutional Cruel and Unusual Punishment**
**42 U.S.C. Sections 1983, 1988**
**Violation of the Eighth and Fourteenth Amendments**
**(Against Defendants City of Frisco, Police Chief Renshaw, and named Frisco Police Officers)**

29. The foregoing allegations are incorporated as if re-alleged herein.

30. As a direct result of the named Defendants' actions and/or policies by placing and

confining Mr. Coye immediately in the police vehicle cramped cage without

assessing or treating his serious injuries, the Plaintiff suffered the unconstitutional

deprivation of his rights pursuant to Eighth and Fourteenth Amendments causing

him to suffer extreme and excruciating pain as a result of multiple injuries including

multiple fractured bones while trapped in a small confining cage which exacerbated

his serious injuries.  Even though the City of Frisco EMS personnel were at the scene

to transport Defendant Faulk to the hospital, the Defendants refused and failed to

ensure that such medical personnel also exam and treat the Plaintiff James Coye.

31. Furthermore, the Plaintiff was prematurely removed from treatment where he was

hospitalized, and transported to the Collin County jail where he was again confined

9

while still suffering from extreme pain and mental anguish due to the injuries

sustained that were aggravated by the Defendants removing him from the hospital.

32. As a direct and proximate result of the Defendants' violations of Coye's statutory

and U.S. Constitutional rights, he has suffered mental and emotional anguish, severe

physical pain and suffering, loss of income and earning capacity, permanent

disability and physical impairment as a result of being subjected to cruel and unusual

punishment as a result of the Defendants' unreasonable, knowingly, and callous

disregard for Mr. Coye's known statutory and U.S. Constitutional rights under the

Eighth and Fourteenth Amendments.


**COUNT THREE**
**Tort of Negligence *Per Se* – Personal Injury**
**Supplemental Jurisdiction**
**28 U.S.C. 1367**
**(Only as to Defendant Sharon Faulk, Decedent Jerod Faulk's Estate)**

33. Leaving from his residence, on December 19, 2008 at approximately 3:30AM in

Frisco, Texas, Decedent Jerod Faulk was the owner and operator of a 2008 Yamaha

FZ1 motorcycle, Texas license number 3LW865.

34. Plaintiff James Coye was a passenger on Defendant Faulk's motorcycle, when Jerod

Faulk negligently drove his motorcycle in unsafe and reckless manner at

approximately 80 MPH in the 11000 block of Harbor St. in Frisco, Texas, although it

was very dark and foggy on a subdivision neighborhood street where the maximum

speed limit was only 30 MPH.   As a result of Faulk's speeding, careless and negligent

driving, disregard of the dangerous darkness and fog, he lost control while driving

10



his motorcycle causing a serious motor vehicle accident involving only the

motorcycle, which killed him and seriously injured the Plaintiff, James Coye.

35.  As a direct and proximate result of Defendant Faulk's intoxication on alcohol and

narcotic drugs; violation of statutory law and the posted speed limit; negligence

*per* se; lack of care owed to the Plaintiff, and reckless driving;  Plaintiff Coye was

seriously injured as a result of the motorcycle accident including multiple fractures,

bruises, lacerations, trauma, internal injuries, and severe emotional distress that

resulted in Mr. Coye's hospitalization for approximately 6 days until he was illegally,

prematurely, and unconstitutionally removed from the hospital by Defendant Frisco

Police officers prior to Mr. Coye's recovery and receiving adequate treatment.

36. As a direct and proximate result of Decedent Faulk's negligent and reckless driving,

Mr. Coye has suffered physical pain and suffering, permanent injuries and physical

impairment, lost wages and future earning capacity, and continued extreme physical

pain as well as severe depression and emotional distress.


## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, James R. Coye, Jr. hereby respectfully requests that the

court order that all Defendants in this action answer and appear, and that judgment against all

named Defendants be rendered as follows:

A.  For actual, general, special, and compensatory damages suffered by the Plaintiff regarding the unlawful, negligent per se, and unconstitutional acts; Damages for mental and emotional anguish, physical pain and suffering, loss of income, diminished earning capacity, future medical care, loss of enjoyment of life, and damage to reputation against Defendants in an amount of $2,000,000.00.

B.  Exemplary damages against all Defendants to be determined by a jury.

C.  For all other relief allowed by law and in equity against all Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. Sections 1983, 1988.

D.  Damages for court costs and attorney fees as allowed by 42 U.S.C. Section 1983.

E.  All such damages as plead herein against decedent Jerod Faulk's estate as allowed by law and in equity for lack of reasonable care owed to Plaintiff James Coye and negligence *per se* that resulted in the serious bodily injuries and damages sustained by James Coye pleaded in this complaint.

By: _____
    Kyle Kincaid
    Attorney at Law
    Texas State Bar # 24046215
    Kincaid Law Offices
    P.O. Box 141451
    Irving, TX 75014
    Tel: 214-347-7988
    Fax: 1-866-376-2341
    Email: kyle1311@gmail.com

**DEMAND FOR JURY**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ORIGINAL

James R. Coye, Jr.

## DEFENDANTS

The City of Frisco, Texas, et al

3-09CV0185-M

**(b)** County of Residence of First Listed Plaintiff **Denton County, Texas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Collin County, Texas**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kyle Kincaid   P.O. Box 141451 Irving, TX 75014 Tel:
214-347-7988  Fax: 1-866-376-2341

Attorneys (If Known)

FILED
JAN 29 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **PRISONER PETITIONS** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 510 Motions to Vacate | **IMMIGRATION** | Under Equal Access |
| | Employment | Sentence | ☐ 462 Naturalization Application | to Justice |
| | ☐ 446 Amer. w/Disabilities - | **Habeas Corpus:** | ☐ 463 Habeas Corpus - | ☐ 950 Constitutionality of |
| | Other | ☐ 530 General | Alien Detainee | State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 465 Other Immigration | |
| | | ☐ 540 Mandamus & Other | Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983, 1988

Brief description of cause:
Police Misconduct / Const. violations + Supplemental jurisdiction (negligence / personal injury)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 1/29/09

SIGNATURE OF ATTORNEY OF RECORD
Kyle Kincaid

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____