IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES R. COYE, Jr., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:09-CV-0185-M |
| | § | |
| THE CITY OF FRISCO, TEXAS; POLICE | § | |
| CHIEF TODD RENSHAW; OFFICER MIKE | § | |
| COLLINS; SHARON FAULK, Executor of the | § | |
| Estate of JEROD FAULK, Deceased, | § | |
|     Defendants | § | |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants City of Frisco, Texas, Todd Renshaw and Mike Collins ("Defendants") who make and file this Answer in response to Plaintiff's Amended Complaint. This answer is filed subject to Defendants' Motions pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure which motions are filed contemporaneously herewith and which are not waived hereby but still insisted upon.

1.    Defendants admit that this is a civil action for alleged civil rights deprivation brought pursuant to 42 U.S.C. Section 1983. Defendants admit that jurisdiction and venue are proper in this Court. To the extent paragraphs 1 through 4 of the Complaint contain additional allegations against these Defendants, said allegations are denied.

2.    Defendants admit the allegations in paragraphs 5, 6, and 7 of the complaint.

3.    Defendants are without sufficient information and belief to admit or deny the allegations in paragraph 8 of the complaint and, therefore, must deny same at this time.

4.    Defendants are without sufficient information and belief to admit or deny the allegations

in the paragraphs 9, 10 and 11 of the complaint and, therefore, must deny same at this time.

5.       After reasonable inquiry, Defendants deny the allegations in paragraph 12 of the Complaint.

6.       As to paragraph 13 of the Complaint, Defendants admit the allegations in the final sentence of said paragraph.  Defendants deny the remaining allegations in paragraph.

7.       Defendants admit that Coye apparently suffered injuries as a result of the accident and deny the remaining allegations in paragraph 14 of the Complaint.

8.       Defendants deny the witnesses were a quarter mile from the accident scene and admit the remaining allegations in paragraph 15 of the Complaint.

9.       Defendants deny the allegations in paragraphs 16 and 17 of the Complaint.

10.       In response to the allegations asserted or incorporated in paragraph 18 of the Complaint, Defendants admit that some injuries were discovered by doctors and deny the remaining allegations of said paragraph.

11.       Defendants admit that Plaintiff was considered to be in custody while hospitalized and deny the remaining allegations in paragraphs 19 and 20 of the Complaint.

12.       Defendants are without sufficient information and belief to admit or deny the allegations in the first two sentences of paragraph 21 of the Complaint and, therefore, must deny same.  Defendants deny the remaining allegations in paragraphs 21 and 22 of the complaint..

13.       To the extent paragraph 23 contains material allegations, they are denied..

14.       Defendants deny the allegations in paragraphs 24 through 28 of the Complaint.

15.       In response to paragraph 29 of the Complaint, Defendants incorporate and repeat their responses to the allegations in paragraphs 1 through 28 as if same were fully set forth herein.

16.      Defendants deny the allegations in paragraphs 30 through 32 of the Complaint.

17.      Defendants deny, after reasonable inquiry, that Mr. Faulk was the operator of the motorcycle at the time of the accident.  Defendants are without sufficient information or belief to admit or deny that Faulk operated the motorcycle when he left his residence and therefore must deny that allegation.  Defendants admit the remaining allegations in paragraph 33 of the Complaint.

18.      Defendants deny the allegations in paragraphs 34 through 36 of the Complaint.

19.      Defendants deny all remaining allegations in the Complaint which are not heretofore specifically addressed.

## AFFIRMATIVE DEFENSES

20.      Defendants plead that legal justification existed for all actual acts or omissions of Defendants.

7.      Plaintiffs' Complaint fails to state a claim for which relief can be granted against these Defendants and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8.      To the extent the individual Defendants Renshaw and Collins are sued in their official capacities, said claims are redundant of the claims against his employer the City of Frisco and should be dismissed.

9.      The individual Defendants Tood Renshaw and Mike Collins assert the defense of qualified immunity as to all claims.  In support of said defense, Defendants would plead the following:

10.      Todd Renshaw is the Police Chief for the City of Frisco, Texas, and has held that position for 15 years.   Chief Renshaw has a total of 26 years of experience as a police officer in Texas.   Chief Renshaw is a  fully trained and licensed as a police officer and police chief in the State

of Texas in accordance with applicable law.   Chief Renshaw holds a Master Peace Officer certificate from the State of Texas which is the highest level certificate which is offered.   He has received  a Bachelors degree in sociology and a Masters degree in Criminal Justice Management.   He is also  a graduate of the FBI National Academy.   Chief Renshaw  has instituted procedures and general orders which prohibit acts by officers which would result in the  deprivation of any citizen's legal rights, including the rights to be free from detention without reasonable suspicion or arrest without probable cause.   Chief Renshaw has also instituted procedures and general orders which prohibit inattention to medical needs of detainees and which prohibit the filing of charges except under conditions where the charges are supported probable cause.   Chief Renshaw has caused to be implemented, and has consistently followed,   procedures whereby any allegation of deprivation of a person's legal rights is investigated and, if sustained, appropriate corrective action is taken.   Chief Renshaw has caused to be implemented, and has consistently followed,   procedures whereby all officers are properly trained in the legal determination of probable cause and in principles applying to the protection of legal rights of detainees.   In the hiring process of the Frisco Police Department, procedures are followed which are designed to detect and eliminate applicants who show a propensity for the violation of persons' legal rights.    Chief Renshaw did not participate in the detention or arrest involving Plaintiff nor in the  filing of charges against Plaintiff herein and had no knowledge of those incidents or charges until it was brought to his attention well after the fact.   Thus, a reasonable police chief in the shoes of Chief Renshaw could have believed that he acted consistently with the preservation of Plaintiff's right to be free from unlawful detention or arrest or  medical inattention as a detainee and /or malicious prosecution under the Fourteenth Amendment.   Accordingly, Plaintiff's claims, both State and Federal,  against Chief Renshaw are barred by qualified immunity.

11.    Officer Mike Collins is a police officer for the City of Frisco and has been so employed for over five years.  Officer Collins has a total of over nine years experience as a police officer in Texas.  He is a fully licensed and trained police officer under Texas law.  Officer Collins holds an advanced peace officer certificate from the State of Texas and has completed approximately 80 college hours toward a degree in Criminal Justice.    At all times pertinent to this matter, Officer Collins was acting in the course and scope and within the authority of his position as a Frisco Police Officer.  At the time of the accident in question, Officer Collins was at home asleep.  Officer Collins was called at home and dispatched to the scene of the accident as an assistant investigator in a two officer team assigned to investigate serious and fatality traffic accidents.    Another Frisco officer was the lead investigator of that team.   Officer Collins arrived at the scene of the accident approximately one hour after the occurrence of the accident and assisted his lead investigator in recreating the events of the accident.  Officer Collins had no contact with the Plaintiff at that time or at any other time.

At the scene, Officer Collins assisted in identifying physical evidence, analyzing the accident sequence of events and interviewing witnesses.  Officer Collins did not physically arrest the Plaintiff and did not make the decision to arrest Plaintiff or refer charges to the Collin County District Attorney's office.    Officer Collins assisted in the follow-up investigation which included taking statements from witnesses at the Frisco Police Department.  Officer Collins was not the officer who detained, arrested or transported Plaintiff to the hospital from the scene of the accident.  Therefore a reasonable officer in the shoes of Officer Collins could have believed that Officer Collin's actions and role in the events surrounding the facts underlying Plaintiff's claims would have been consistent with the preservation of Plaintiff's clearly established rights to be free from arrest without probable cause or right to receive medical attention as a pre-trial detainee.

12.     The damages sought by Plaintiff are, on information and belief, the result of the wrongful, tortious and/or wilful conduct of the Plaintiff, which conduct was the proximate, producing and/or sole cause of all such damages.  Defendants invoke the doctrine of comparative causation.

13.     On information and belief, Defendants assert that Plaintiff has failed to mitigate his alleged damages.

14.     Pursuant to 42 U.S.C. §1988,  Defendants are entitled to recovery of reasonable costs, including attorney's fees, incurred herein.  Defendants incorporate by reference the admissions, denials and pleadings contained herein.  Defendants would show that Plaintiff's claims are frivolous, groundless and harassing.

WHEREFORE, PREMISES CONSIDERED, Defendants City of Frisco, Todd Renshaw and Mike Collins respectfully pray that they go hence without day, recover costs, including reasonable attorney's fees, in this behalf expended and for such other and further relief, both general and special, to which they  may be justly entitled.

Respectfully submitted,
**/s/ Joe C. Tooley**
        State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)

ATTORNEY FOR DEFENDANTS
CITY OF FRISCO, TODD RENSHAW and
MIKE COLLINS.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel of record in accordance with the Federal Rules of Civil Procedure and in

accordance with this Court's standing  ECF Order, on this 16th  day of February, 2009.

**/s/ Joe C. Tooley**