

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

FILED

MAR 2

CLERK, U.S. DISTRICT COURT

By _____
    Deputy

| | | |
|---|---|---|
| JAMES R. COYE, JR. | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | Civil Action No. 3-09CV0185-M |
| | § | |
| THE CITY OF FRISCO, TEXAS; | § | |
| POLICE CHIEF TODD RENSHAW; | § | |
| OFFICER MIKE COLLINS; | § | |
| SHARON FAULK, Executor of the | § | |
| Estate of JEROD FAULK, Deceased | § | |
| **Defendants** | § | |

## DEFENDANT SHARON FAULK, EXECUTOR OF THE ESTATE OF JEROD FAULK, DECEASED'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT

COMES NOW, SHARON FAULK, EXECUTOR OF THE ESTATE OF JEROD FAULK, Deceased (hereinafter referred to as "Defendant Faulk"), one of the Defendants in the above-entitled and numbered cause, and makes and files this her Original Answer, and for same would respectfully show unto the Honorable Court and jury the following:

1. Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Faulk denies the statements and allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendant Faulk denies the statements and allegations set forth in Paragraph 4 of Plaintiff's

Complaint.

5.      Defendant Faulk is unable to admit or deny the statements and allegations set forth in
        Paragraph 5 of Plaintiff's Complaint.

6.      Defendant Faulk admit that the City of Frisco is an incorporated municipality within the State
        of Texas. Defendant is unable to admit or deny the remaining statements contained in
        paragraph 6 of Plaintiff's Complaint.

7.      Defendant Faulk is unable to admit or deny the statements and allegations set forth in
        Paragraph 7 of Plaintiff's Complaint.

8.      Defendant Faulk denies that Defendant Faulk has the authority to act on behalf of the estate
        of Jerod Faulk, Deceased.  Defendant Faulk admits the remaining allegations set forth in
        Paragraph 8 of Plaintiff's Complaint.

9.      Defendant Faulk is unable to admit or deny the statements and allegations set forth in
        Paragraph 9 of Plaintiff's Complaint.

10.     Defendant Faulk is unable to admit or deny the statements and allegations set forth in
        Paragraph 10 of Plaintiff's Complaint.

11.     Defendant Faulk is unable to admit or deny the statements and allegations set forth in
        Paragraph 11 of Plaintiff's Complaint.

12.     Defendant Faulk is unable to admit or deny the statements and allegations set forth in
        Paragraph 12 of Plaintiff's Complaint.

13.     Defendant Faulk admits that Jerod Faulk sustained fatal injuries.  Defendant Faulk denies the
        remaining statements and allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant Faulk is unable to admit or deny the statements and allegations set forth in

Paragraph 14 of Plaintiff's Complaint.

15.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 11 of Plaintiff's Complaint.

19.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.    Defendant Faulk is unable to admit or deny the statements and allegations set forth in

Paragraph 25 of Plaintiff's Complaint.

26.   Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.   Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.   Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.   Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.   Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.   Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.   Defendant Faulk is unable to admit or deny the statements and allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.   Defendant Faulk admits that Jerod Faulk owned the motorcycle in question.

34.   Defendant Faulk denies the statements and allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.   Defendant Faulk denies the statements and allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.   Defendant Faulk denies the statements and allegations set forth in Paragraph 36 of Plaintiff's Complaint.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, DEFENDANT SHARON FAULK, EXECUTOR OF THE ESTATE OF JEROD FAULK, DECEASED , prays that Plaintiff take nothing by and from this action from Defendant, that Defendant recover her costs, and that she be awarded all other relief to which she may show herself to be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, L.L.P.

BY: _____

        Erik E. Ekvall
        State Bar No. 06507022
        Brian K. Truncale
        State Bar No. 20258100
        Lakeside Square
        Suite 700
        12377 Merit Drive
        Dallas, TX 75251
        Telephone: (972) 239-0839
        Facsimile: (972) 960-9517

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record herein on this 27th day of February, 2009.

_____
Brian K. Truncale

**DEFENDANT SHARON FAULK, EXECUTOR OF THE ESTATE OF
JAROLD FAULK, DECEASED'S ORIGINAL ANSWER**                  **PAGE 5**