**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES COYE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 3:09-cv-185-M |
| | § | |
| THE CITY OF FRISCO, TEXAS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER TRANSFERRING VENUE**

Plaintiff James Coye, Jr. was injured in a motorcycle accident in Frisco, Texas, and then was arrested by officers of the Frisco police department. Plaintiff brought suit in this Court under 42 U.S.C. §§ 1983 and 1988, against The City of Frisco, Texas, Frisco Police Chief Todd Renshaw, and Frisco Police Officer Mike Collins, as well as a state law negligence claim against Sharon Faulk, executor of the Estate of Jerod Faulk. On March 9, 2009, the parties were ordered by U.S. Magistrate Judge Jeff Kaplan to show cause as to why this case should not be transferred to the Sherman Division of the Eastern District of Texas. Plaintiff opposed transfer, claiming it would create "significant inconvenience." Defendants stated no opposition to the current venue and took no position on the proposed transfer. Upon review of the pleadings and the submissions filed in response to the Show Cause Order, the Court concludes that venue is improper in the Northern District of Texas and that the case should be transferred to the Sherman Division of the Eastern District of Texas.

Under 28 U.S.C. § 1391(b), civil cases founded not solely on diversity of citizenship must be brought in the judicial district where: (1) any defendant resides, if all defendants reside

in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought.  This case asserts federal claims for alleged violations of the Plaintiff's civil rights, and therefore falls within the scope of 28 U.S.C. § 1391(b).

Here, Defendants City of Frisco and its police officers were served in Frisco, Texas, which is within the Eastern District of Texas.  According to the Complaint, Defendant Faulk also resides in Frisco.  There is no specific evidence regarding where the Officer Defendants reside, but they work in Frisco and were served there, and no party has claimed that they live in the Northern District of Texas.  Further, all of the events giving rise to Plaintiff's claim occurred in the Eastern District of Texas.  The motorcycle accident out of which the Plaintiff's negligence claim arose occurred in Frisco, and Plaintiff was detained by the Frisco Police Department in the Collin County jail, also in the Eastern District of Texas.  These facts demonstrate that, under 28 U.S.C. § 1391(b), the Eastern District of Texas is the proper venue for this action.

All parties have failed to show cause as to why this case should not be transferred.  Defendants did not address whether venue is proper in this district.  Plaintiff argues that the Northern District of Texas is the most appropriate venue because the parties, their legal counsel, and witnesses are located" in or near Dallas, Texas," and because no parties are located in McKinney, Texas or Sherman, Texas.[1]  However, the location of witnesses and counsel, as well as issues of "inconvenience," are irrelevant to the venue analysis under 28 U.S.C. § 1391(b).  Plaintiff has not identified any evidence that would make venue proper in this District under 28 U.S.C. § 1391, i.e., that any Defendant resides in this District.

This suit should have been filed in the Eastern District of Texas. The Court *sua sponte*

---

[1] Although these are locations of courthouses in the Eastern District of Texas, there is also such a courthouse in Plano, Texas.

orders this case transferred to the Sherman Division of the Eastern District of Texas under 28 U.S.C. § 1406(a), which gives the Court the authority to transfer a case filed in the wrong district or division "to any district or division in which it could have been brought."

**SO ORDERED**.

March 31, 2009.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**